SCHENECTADY RAILWAY COMPANY, Plaintiff, *v.* CLARENCE A. WHITMYRE, as Mayor of the City of Schenectady, and Others, Defendants.

Supreme Court, Schenectady County, May, 1923.

**Injunctions — street railways — when municipal authorities will be enjoined from preventing operation of cars during a strike.**

Where upon papers showing that a strike had been declared by the employees of plaintiff, a street railway company operating within the city of Schenectady under a franchise therefrom, and that the responsible officials of the city or some of them had issued orders to the police department of the city directing that plaintiff be prevented from taking any of its cars out of its barns or attempting to operate any of its cars, a temporary injunction was granted restraining said defendant from interfering in any way with the operation of plaintiff's street car system within said city, an *ex parte* motion to modify the injunction will be denied.

MOTION, *ex parte*, to modify an injunction.

*George B. Smith*, corporation counsel, for motion.

ANGELL, J. This is a motion to modify a temporary injunction granted by me May 18, 1923, restraining defendants from interfering in any way with the operation of plaintiff's street car system in the city of Schenectady. The moving papers upon which the injunction was granted show that a strike of the employees of plaintiff has been declared and that the defendants or some of

them have issued orders to the police department of the city, directing that plaintiff be prevented from taking out of its barns, or attempting to operate, any of its cars. It is contended on behalf of defendants that such action was necessary to preserve law and order. Anything more subversive of law, of property rights, and of orderly government, it is impossible to conceive. It is in fact contrary to all law and antagonistic to every applicable principle thereof under which we have lived and prospered as a people since the foundation of our government. It is, likewise, the first time in history, so far as my reading or observation goes, that any such action has ever been taken or thought of being taken, by the responsible officials of any municipality under any system of government in which the common law prevails. With the merits of the strike, with the wisdom or unwisdom of the policies on the part of the plaintiff or its employees that brought it about, with the wisdom or unwisdom of the employees in declaring it, the court has nothing to do. Such considerations are entirely irrelevant to the matter presented to me. What is relevant in this: The officials of the city declare that the railway company shall not be allowed to operate its cars, that is, that it shall not be allowed to use its property in the only way that can make that property of any benefit to the company or to the public. The city officials would thus take away and destroy, at least for the time being, valuable property rights. This, it seems absurdly obvious to state, they have no authority to do. To take a local illustration, assume a strike were declared by the local employees of the General Electric Company; could the city officials be heard to say that the General Electric Company must not attempt to operate its plant? The ridiculousness of such a contention would be at once recognized by all. But it is not so absurd as for the city officials to say that the railway company shall not operate its cars. And for this reason: The franchise granted by the city to the railway company absolutely requires that the railway company operate its cars regularly, as a condition of preserving its franchise. The city officials are, then, in the position of attempting to say to the railway company, you must operate to preserve your franchise, without which all your equipment, rolling stock, rails and all properties used in connection therewith are valueless, but we will not permit you to operate.

It is urged by counsel for the city that the injunction interferes with the police authorities in their duty of maintaining peace and order. Quite the contrary. It is the duty of the police and the department of public safety to preserve order and protect the property of the citizens, individual and corporate. It is their

duty to protect the railway company in running its cars, just as it is their duty to protect the people of the city in their rights to drive upon the streets and to walk peacefully upon the sidewalks. If any one attempts to interfere with the railway company in operating its cars, the police authorities must invoke the strong arm of the law to suppress such interference, just as they would if the rights of citizens to walk or drive lawfully upon the streets were being interfered with. To say that peace and order can be maintained only by preventing the company from exercising its legal right to operate its cars, would be a lamentable confession of weakness and failure. If this be admitted and the admission carried to its logical conclusion, all government must fail. A government, municipal, state or national, when it is unable to preserve law and order and the individual and property rights of its citizens, is no longer a government. This country has been maintained from the beginning, and has grown to what it now is, as a government able to protect its citizenry. When it cannot do this, anarchy will come and the end of all government. There has been, it is unfortunately true, instances, in cases of similar strikes, of local disorder, even to riot and bloodshed. But in the end, law and order have invariably prevailed. If it is kept prevailing, if there are no lapses in law enforcement, there will be no disorder. The situation is, in the first instance, in the hands of the city and county officials. If they do not maintain order, because of inadequacy of numbers or weakness or timidity of resolution, the state or the national government will.

In determining thus, the court recognizes the right of any man to quit work when he wants to. That has been called an inalienable right. But the right of any other man to work if he wants to, is equally inalienable. One man has no more right to prevent another from working when he wants to than some one else has to make the first man work when he wants to quit. If this is not true then we are of all men the most miserable. In fact, this is a part of our fundamental law, so axiomatic that it seems futile to attempt to restate it. But the continued reiteration of old truths seems sometimes advisable.

Motion denied.

Ordered accordingly.